In the Matter of LEHAN BROTHERS, INC., Debtor.

David GORMAN, Plaintiff,

v.

Ivan PENNINGTON, Defendant.

Bankruptcy No. 79–1580.

Adv. No. 79–18.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

April 15, 1983.

R.C. Fernon, Jr., Tampa, Fla., for plaintiff.

Jeffrey W. Warren, Tampa, Fla., for defendant.

## MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding instituted by Lehan Brothers, Inc., a Debtor currently seeking rehabilitation under Chapter 11 of the Code. A Complaint filed by the Debtor initially sought turnover of

certain properties, but by an amendment also sought money damages. Shortly thereafter, the Chapter 11 case was converted to a Chapter 7 liquidation case and David Gorman, the Chapter 7 Trustee was substituted as Plaintiff. The Complaint was amended again by the Trustee to include a prayer for punitive damages.

The Amended Complaint for Turnover of Property and Damages is based on the Trustee's contention that Ivan Pennington, (Landlord) Defendant and landlord of the Debtor corporation, with knowledge of the pending Chapter 11 reorganization, locked up the business premises occupied by the Debtor thereby denying the principal access to the premises. It is further alleged that as a result, the principals of the Debtor were deprived of the use of their inventory, equipment and supplies and as a consequence, the Debtor sustained a substantial loss of profits due to its inability to complete certain pending commercial projects. Finally, the Trustee contends that the conduct was willful and malicious, justifying an award of punitive damages.

The facts as adduced at trial which are necessary to the resolution of this controversy are as follows:

The Debtor corporation was formed in 1979 and at the time pertinent was engaged in the sale and installation of floor coverings for commercial enterprises. The Debtor conducted its business from an office, located at 6438 126th Avenue North, Largo, Florida which it leased from the Defendant pursuant to a month to month leasing arrangement. The Debtor and the Defendant shared the premises.

At the peak of its operation, the Debtor employed twenty-seven (27) individuals on a full time basis and recorded sales in the approximate amount of $1,000,000. By late 1979, however, the tide had turned and on November 6, 1979, the Debtor filed a Voluntary Petition pursuant to Chapter 11 of the Bankruptcy Code. At the time of the Petition, the Debtor was two months delinquent in his rental and utility payments.

By December 20, 1979, the next payment was three months overdue and the Defendant, without obtaining relief from the automatic stay, locked the Debtor's premises. It appears that the Defendant was unaware that the Debtor had filed a Petition for Relief under Chapter 11 and because he had not seen any of the Debtor's employees on the premises, assumed that the Debtor vacated and abandoned the premises. It is without dispute that when the Debtor requested access its principal was admitted to the premises in order to remove those items required to complete certain projects. Ultimately, the Debtor removed all properties of the Debtor from the premises.

■ Considering the facts as established at the final evidentiary hearing, it is clear that the relief from turnover of property is without merit and cannot be granted simply because there is no longer any property of the estate on the premises in control of the Defendant. In addition, it is equally clear that the claim for turnover of property is based on § 542 of the Code which provides that an entity other than a custodian shall deliver to the Trustee property in which the Trustee may use, lease or sell in its possession or control.

■ The claim for compensatory and punitive damages is based on the claim of willful and malicious conversion of properties of the estate. The Trustee failed to provide competent evidence to support an award for either compensatory or for punitive damages. This record is void of any competent evidence that the Debtor sustained a loss of profits or that the Defendant willfully and maliciously prevented the Debtor from gaining access to the premises or that the Defendant knowingly and willfully violated the automatic stay.

A separate final judgment will be entered in accordance with the foregoing.