**In re David J. BARRETT, d/b/a Barrett's Bulldozing, Debtor.**

**Terry W. KNOEPFLE, Trustee for the bankruptcy estate of David J. Barrett, d/b/a Barrett's Bulldozing, Plaintiff,**

**v.**

**KENKO, INC., a Minnesota corporation, and the City of Nevis, a Minnesota municipal corporation, Defendants.**

**Bankruptcy No. 3–82–740.
Adv. No. 82–7422.**

United States Bankruptcy Court, D. Minnesota, Sixth Division.

April 25, 1984.

Keith Bellairs, Minneapolis, Minn., for plaintiff.

John A. Masog, Park Rapids, Minn., for City of Nevis.

## MEMORANDUM OPINION

WILLIAM A. HILL, Bankruptcy Judge.

The Trustee commenced the instant adversary on December 6, 1982, seeking a turnover of certain funds pursuant to sections 542 and 543 of the Bankruptcy Code. The Trustee and the Defendant, Kenko, Inc. (Kenko) have resolved their differences by a Stipulation dated February 8, 1984, whereby Kenko assigned to the Debtor all its rights to receive certain sums due it from the Defendant, City of Nevis (City). As between the Debtor and the City, the Trustee alleges that the City, as owner of a city water project upon which the Debtor worked as a sub-contractor of the general contractor, Kenko, was a custodian of all sums due the Debtor from Kenko. Allegedly in violation of its section 543 responsibilities, the City, rather than making payment to either the general contractor, Kenko, or the Debtor, made payment directly to three of the Debtor's sub-subcontractors who had not been paid. The total amount paid and for which turnover is sought is $11,065.51. The Trustee does not seek by the instant Complaint to avoid the transfers but believes the City's liability is implicit from sections 542 and 543.

The case was submitted to the Court on an agreed statement of facts and attached exhibits. With no additional evidence presented, the Trustee then moved for summary judgment upon the facts as stipulated. These facts may be summarized as follows:

## FINDINGS OF FACT

The City of Nevis, Minnesota, on April 13, 1981, entered into a written general contract with Kenko for construction of a city water system. Kenko in turn contracted with the Debtor for a portion of the work. No contract ever existed between the City and the Debtor. The Debtor in performance of his portion of the work, hired as sub-subcontractors, Lowell Koebnick for dirt, Park Region Aggregate for gravel and Luetger's Oil Co. for gasoline and related products. The project was commenced in May of 1981 and completed by November 15, 1981. The Debtor filed for relief under the Bankruptcy Code on April 23, 1982 and at that time had certain sums remaining unpaid. There is nothing in evidence which indicates that the Debtor ever took any steps to perfect a mechanic's lien against the project. The Debtor's sub-subcontractors also remained unpaid and in May of 1982 each of them made demand upon the City for direct payment to them of the sums still owing. On November 15, 1982 the City advised the general contractor, Kenko, that it would be making payment directly to the sub-subcontractors rather than to the general contractor. In furtherance of this intent, the City stopped payment on checks payable to the general

contractor and on October 13, 1982 issued checks to the sub-subcontractors totalling $11,065.51. The City, aware of the Debtor's bankruptcy filing, delivered these checks to the respective sub-subcontractors on November 24, 1982 and they were cashed on November 26, 1982.

The Trustee served the City with a demand for turnover of assets on November 30, 1982. By his demand, the Trustee, citing sections 542 and 543 of the Bankruptcy Code, demanded that the City pay over to the estate all the contract balance then owing the Debtor. When this Trustee discovered payment had already been made directly to the sub-subcontractors it commenced the present action.

## CONCLUSIONS OF LAW

Section 542(a) of the Code provides that an entity holding or acquiring an asset that the trustee or debtor in possession may use, sell or lease must turn it over to the trustee or debtor in possession. Similarly, subsections 543(a) and (b) require a custodian to refrain from making any disbursement from the property of the debtor and in fact requires such custodian to deliver any property in his custody to the trustee. The Trustee here quite correctly argues that a debt owed to the debtor and which has matured at the time of filing is property of the estate under section 542(b). With regard to the sums owing by the City on the water project, it is the Trustee's position that the general contractor was owed the sums on account of the Debtor's work and the City was merely a stakeholder for those sums.

In order for section 542 to be applicable, several elements must exist. First, the property sought to be turned over must be in fact property of the debtor—that is, the debtor must have a right to the property. This must be such a right as would allow the trustee to use, sell or lease the property as provided by section 363. Secondly, the property must be in the control of the entity against whom turnover is sought. The threshold issue under either sections 542 and 543 is to discern precisely the nature of the property involved. The Debtor claims it has an indebtedness owing to it from the City by virtue of work done on the water project. The Debtor was a subcontractor with no privity of contract with the City. Any indebtedness that the City may have had on the project was not to the Debtor, but was to the general contractor who in turn had an obligation to its subcontractors. It is a general principle of law that a subcontractor who has furnished labor or materials to a project has no right to a recovery from the owner where there is no contractual relationship existing between them. Annot. 62 A.L.R.3d 288. Absent perfection of a mechanic's lien, subcontractors have generally been denied a right of recovery as against an owner. *Traubco Food Equipment Fabricators, Inc. v. United Auto Workers,* 121 Ill. App.2d 106, 258 N.E.2d 817 (1980). The failure to perfect a mechanic's lien has prompted some subcontractors to seek recovery against an owner on the theories of quasi-contract and unjust enrichment. The courts have for the most part, however, declined to follow these theories principally because of a lack of privity and the failure of the subcontractor to avail himself of the mechanic's lien statute. The Iowa Supreme Court has on several occasions addressed precisely this issue and has denied recovery to a subcontractor, noting that a person who has conferred a benefit upon another by the performance of a contract with some third person is not entitled to restitution from the other simply because of failure of performance on the part of the third person. *Guldberg v. Greenfield,* 259 Iowa 873, 146 N.W.2d 298 (1966); *Pay-N-Taket, Inc. v. Crooks,* 259 Iowa 719, 145 N.W.2d 621 (1966). The City of Nevis water project was completed in November 1981, and as of the date of the Debtor's petition filing in April of 1982 neither the Debtor nor his sub-subcontractors had been paid. As a subcontractor with no privity of contract, the Debtor in April of 1982 stood in precisely the same relationship to the City as did the sub-subcontractors who also were without privity. As such, the Debtor

.had no present right of payment from the City nor did it have any greater right of payment from the City than did the sub-subcontractors who were paid. In the opinion of the Court, the Debtors only right to payment on April 26, 1982 was from the general contractor, and the City at that time held no "property of the debtor" as that term is employed in sections 542 and 543. Any right the Debtor may have to collect directly from the City exists only by virtue of the assignment of right extended to him by the general contractor on February 8, 1984. By that date however, the City was not possessed of any property, having long since made payment to the sub-subcontractors. There can be no turnover of property that does not exist. *Matter of Lehan Bros., Inc.*, 29 B.R. 553 (Bkrtcy.M.D.Fla.1983).

■ The Trustee asserts however that the City, as custodian of sums due the Debtor, should be held accountable under section 543(c) for all sums improperly disbursed. If in fact the City was a custodian of funds, then section 543(c)(3) would permit the surcharging of the City for any sums improperly disbursed. The Court does not agree however that the City's relationship with the Debtor was that of a custodian. A "custodian" is defined by section 101(10) of the Code as:

> (A) receiver or trustee of any of the property of the debtor, appointed in a case of proceeding not under this title;
> (B) assignee under a general assignment for the benefit of the debtor's creditors; or
> (C) trustee, receiver, or agent under applicable law, or under a contract, that is appointed or authorized to take charge of property of the debtor for the purpose of enforcing a lien against such property, or for the purpose of general administration of such property for the benefit of the debtor's creditors;

The legislative history of the foregoing section does not support the Trustee's contention that the City as project owner was a custodian for sums due a subcontractor from the general contractor.

Paragraph (10) defines "custodian". There is no similar definition in current law. It is defined to facilitate drafting, and means prepetition liquidator of the debtor's property, such as an assignee for the benefit of creditors, a receiver of the debtor's property, or a liquidator or administrator of the debtor's property. The definition of custodian to include a receiver or trustee is descriptive, and not meant to be limited to court officers with those titles. The definition is intended to include other officials of the court if their functions are substantially similar to those of a receiver or trustee.

[House Report No. 95–595, 95th Cong. 1st Sess. 309–310 (1977); See Senate Report No. 95–989, 95th Cong. 2d. Sess. 22–23 (1978), U.S.Code Cong. & Admin. News 1978, 5787, 5808–5809, 6266–6267.]

Clearly, the City as project owner holding unpaid contract funds due a general contractor was not acting as a "liquidator of the debtor's property" and its function could in no way be said to be that of a receiver or trustee.

In view of the foregoing,

IT IS ORDERED:

That summary judgment be issued in favor of the Defendant, City of Nevis, dismissing in all things the Complaint of the Trustee herein.