In re BELL & BECKWITH, Debtor.

Patrick A. McGRAW, Trustee, Plaintiff,

v.

Larry SCOTT, et al., Defendants.

Bankruptcy No. 84–0054.

(Related Case: 83–0132).

United States Bankruptcy Court,
N.D. Ohio, W.D.

Sept. 26, 1984.

Fuller & Henry, Toledo, Ohio, for plaintiff.

Kenneth C. Baker, Toledo, Ohio, for defendants.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Motion for Summary Judgment filed by the Defendant, Shirley Agen, in this adversary action. Each of the parties have filed their arguments and have had the opportunity to respond to the arguments asserted by opposing counsel. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review and for the following reasons the Court finds that the Motion should be GRANTED.

## FACTS

This action is brought as a part of the Trustee's continuing effort to liquidate the Debtor-brokerage pursuant to the provisions of 15 U.S.C. § 78aaa *et seq.* The facts relevant to the disposition of this case do not appear to be in dispute. Prior to the initiation of the liquidation proceeding, the managing partner of the Debtor, Edward P. Wolfram, Jr., advanced to the Defendants, Jamie and Larry Scott, several sums of cash. These funds were used by the Scotts in an automobile racing enterprise. Although the precise nature and terms of

the advance are unclear, they are not relevant to the Motion presently before the Court.

Through a series of purchases and sales of vehicles, the funds that had been advanced by Wolfram were again reduced to cash. The final sale occurred at some time during the month of November, 1983. On or about December 7, 1983, the Scotts asked the Defendant, Shirley Agen, the mother of Jamie Scott, if she would be willing to deposit a sum of money in her savings account. She was told that the request was being made so as to provide a safekeeping for the money for a short period of time. She agreed to the request and on or about December 7, 1983, she deposited Twelve Thousand Four Hundred Forty-five and 50/100 Dollars ($12,445.50) in her account.

During the course of the next two weeks, and at the request of the Scotts, Agen made substantial withdrawals from the account. After each withdrawal Agen returned the funds to the Scotts. On December 19, 1983, the Scotts were deposed by the Trustee with regard to the money given to them by Wolfram. As of that date, only Three Thousand Two Hundred Forty-five and no/100 Dollars ($3,245.00) of the money deposited in Agen's account remained in the account. Although the exact time of the call is unclear, Jamie Scott telephoned her mother from the site of the deposition and asked her to withdraw the remaining funds that had been entrusted to her. Agen again complied with the request and, on that same day, returned the monies to the Scotts.

Based on the information which was disclosed at the depositions, the Trustee sent a letter to Agen on December 21, 1983, wherein he informed her that a claim may be made against the funds deposited by the Scotts. On February 16, 1984, the Trustee filed this adversary action in which he seeks to recover from the Scotts the money advanced to them. The Trustee named Agen as a Defendant for the purpose of recovering from her the money deposited in her account. The Motion presently before the Court requests a summary determination of Agen's liability for the funds.

### LAW

■ Without making specific reference thereto, the Trustee's cause of action against the Movant appears to be based on the provisions of 11 U.S.C. § 542(a) which state, in pertinent part:

"... an entity ... in possession, custody, or control, during the case, of property that the trustee may use sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

Under this section, an entity in possession of property of the estate can be required to deliver to the Trustee the property held or the value of the property, if the property would be of benefit to the estate. The entity in possession may also be made to account for the property during the time it has been in its possession.

■ Although the parties have raised issues regarding Agen's knowledge as to the potential claim of the Trustee's at the time she made the final withdrawal, it is not necessary for this Court to make a dispositive finding as to such knowledge. A review of the statute finds that it addresses situations where an entity is in present possession of property which the trustee has claimed to be part of a debtor's estate. It is, therefore, academic that if an entity previously in possession of estate property is no longer in possession of the property, they cannot be made subject to an order of turnover based on 11 U.S.C. § 542. *Gorman v. Pennington (Matter of Lehan Brothers, Inc.)*, 29 B.R. 553 (Bkcy. M.D.Fla.1983). Agen has accounted for the funds which were, admittedly, at one time, in her possession. Accordingly, she has complied with the only portion of the statute that is presently applicable to her. However, in light of the fact that the funds sought by the Trustee have been returned to the Scotts, this Court cannot conclude, based upon the language of the statute,

that Agen should be made accountable for those funds.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion for Summary Judgment filed by Shirley Agen be, and is hereby, GRANTED.

It is FURTHER ORDERED that the Complaint, as it relates to Shirley Agen, be and is hereby, DISMISSED.